## MANNING *v.* MANNING.

(Division B. April 20, 1931. Suggestion of Error Overruled May 12, 1931.)

[133 So. 673. No. 29400.]

Moody & Johnson, of Indianola, for appellant.

S. D. Neill, of Indianola, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed her bill against appellant, her husband, in the chancery court of Sunflower county, for divorce and alimony, and custody of their minor child. There was a trial on bill, answer, and proof, resulting in a final decree granting the prayer of the bill. From that decree appellant prosecutes this appeal.

Appellee's ground for divorce was habitually cruel and inhuman treatment. The principal ground relied on by appellant for a reversal of the decree is that appellee condoned the cruel treatment.

The evidence on behalf of appellee, which the court believed, tended to establish that appellant had been guilty of a series of cruel and inhuman acts toward her, running through a period of several years. It is true, as contended by appellant, the evidence showed that the acts of cruelty were condoned by appellee, but upon the condition that they should not be repeated; and the evidence on behalf of appellee was to the effect that the condition was broken by appellant; and thereupon appellee left appellant, and refused to live with him any longer.

The doctrine of condonation applies to what is generally denominated "non-continuing causes of divorce," consisting of a single act, or a series of acts of misconduct, which might be forgiven as a result of affectionate treatment; but the doctrine is not applicable to causes of divorce of a continuing character. Habitually cruel and inhuman treatment, as a ground for divorce, consists generally of a course of conduct, rather than a single act. In such case, cohabitation after the act of cruelty cannot be considered as a condonation, in the same sense as

after an act of adultery. The effort to endure unkind treatment as long as possible is commendable; and the patient endurance by the wife of her husband's ill treatment should not be allowed to weaken her right to a divorce. Her condonation of past acts is impliedly conditioned upon the future good behavior of the husband; and after condonation, if the cruelty is repeated, the right to make the condoned offense a ground for divorce is revived. 9 R. C. L., secs. 171, 172, 176, 177, pages 87 and 88.

We find no merit in the other contentions of appellant. We do not think they are of sufficient seriousness to call for a discussion by the court.

Affirmed.