STARR *v.* STARR.

In Banc. Mar. 28, 1949.

(39 So. (2d) 520)

(1)

D. S. Satterwhite and James B. Smiley, for appellant.

6

**Ben Wilkes,** for appellee.

Roberds, J.

The question we decide on this appeal is whether a written agreement executed by the parties hereto, March 13, 1947, which the reporter will set out as a footnote and the subsequent acts and relation of the parties, as hereinafter stated, constitute, as between them, a condonation of all prior acts of cruelty alleged by them as cause for divorce, each against the other.

The bill in this cause was filed by the husband, February 5, 1948. It prayed for a divorce from appellant, for an adjudication of the rights and responsibilities of the father and mother as to their two minor children. Sadie Starr answered the bill, and, by cross bill, she prayed for divorce, for custody of the children, for alimony pendente lite, solicitor's fees, and division of the common property. Irwin Starr answered the cross bill. Both the bill and cross bill asserted as ground for divorce cruel and inhuman treatment based upon acts occurring before the foregoing agreement of March 13th. Nor was any proof made of any such act occurring subsequent to that agreement. The chancellor granted divorce to Irwin Starr, awarded the custody of the two children to the Mother, with right in the Father to have their custody at stated times, and required the Father to pay to the Mother $150 per month for support of the children.

Pursuant to execution of said agreement, the pending legal proceedings mentioned therein were dismissed, pre-

sumably with prejudice. Also, thereafter, for a time, the parties lived and cohabited together as man and wife. However, not having settled upon and acquired a home, the wife, as was provided in the agreement, carried the children to Birmingham, Alabama, where her people resided. Disagreement arose between the parties as to where they would make their future home, the husband having determined they would live in Greenwood, Mississippi, the wife protesting against making their home in that City. Whether the testimony of Mrs. Starr means her decision not to live in Greenwood is irrevocable is not clear. But, whether it does or does not mean that, the only acts charged as ground of divorce in the pleadings herein, and the only acts shown by the proof, occurring after execution of the foregoing agreement, are the refusal of the wife to come to, and live with, the husband at Greenwood, and her failure to deliver the children to him as provided in the agreement. These are not such acts as constitute cause for divorce on the ground of cruel and inhuman treatment. At most, such refusal of the wife to come to the abode of the husband, if unjustified and if continued for sufficient time, might constitute desertion on her part. But, the bill and cross bill in this cause ground the right of divorce alone on cruelty, and the acts claimed to constitute cruelty were committed prior to the agreement of March 13th.

It will be noted the agreement is comprehensive and inclusive. It recites differences had arisen between the parties; that each had instituted litigation, which was then pending; that they "have settled their differences and become reconciled, and each expressly condoned any and all acts of the other causing said differences and suits, and have agreed to resume their former relations as husband and wife . . ." It then provides what each shall do in carrying out the agreement, and for residence of the wife and children in Birmingham until a new home is acquired. Lastly, it stipulated the parties would dismiss all pending legal proceedings against the other and

that "all charges in said proceedings of either party against the other are expressly condoned and forgiven, and this agreement shall operate as an accord and satisfaction of any and all claims of either party against the other propounded in said proceedings." ██ We hold that by this agreement, and the subsequent acts and relation of the parties, they forgave and condoned all alleged acts of cruelty occurring prior to such agreement. For a discussion of the legal principles applicable to this question, see 27 C. J. S., Divorce, § 59, page 608, and § 62, page 616.

But, appellee says appellant breached the agreement; therefore, there was no condonement of prior wrongs, citing Manning v. Manning, 160 Miss. 318, 133 So. 673. That case is not contrary to our holding here. The ground for divorce there was cruel and inhuman treatment. The condonation, if any, consisted in the wife continuing to live in the same house with the husband for a short time after such alleged treatment. It is not clear whether they cohabited as man and wife. But, the condonation was by conduct—not by agreement. And, the acts of cruelty continued after the asserted condonement—the same kind of acts occurring before the condonement. In the case at bar, the parties, by solemn written agreement, expressly and unconditionally condoned prior acts. These acts constituted the foundation of pending litigation between them. This litigation was dismissed. In the case at bar, appellee says appellant breached the agreement by refusing to come and live with him at Greenwood. As above stated, it is not certain from her testimony her refusal to do that is irrevocable. ██ But, if so, that would not revive the prior dead acts expressly forgiven and condoned by the parties, which acts constituted the foundation of pending litigation and which litigation was dismissed pursuant to the agreement. And, as to whether the wife or the husband, either or both, breached the agreement, it might be added that, on petition of the wife filed on the Equity side of the Circuit Court of Jefferson

County, Alabama, that court, by decree dated January 8, 1948, adjudged that appellee was liable for separate maintenance of the wife and had failed to support the children, and ordered him to pay the sum of $200 per month for those purposes. This decree was had on personal service upon appellee. We refer to this case only as bearing upon which party, if either, has breached the agreement of March 13th. We do not pass upon the effect of this decree on future litigation between the parties hereto.

We, therefore, hold that the learned chancellor was in error in granting appellee a divorce under the circumstances disclosed by this record. Nor do we now pass upon the right of the wife to temporary maintenance, solicitor's fees, or of either to a divorce, under circumstances which may exist when, and if, those questions are presented to the court.

Reversed and remanded.