ETHRIDGE, Chief Justice:
This suit for divorce, on the ground of habitual cruel and inhuman treatment, was brought in the Chancery Court of Forrest County by Mrs. Hoyt Fenn Bass Stockton, complainant-appellee, against the defendant-appellant, William Balderston Stockton. After hearing the testimony, the chancellor found that both parties in their short married life had shown a childish attitude and a complete lack of maturity; that some sex deviations by the defendant existed, and the facts reflected habitual cruel and inhuman treatment of complainant, to the extent that her health was impaired and damaged. Since complainant was financially able to support herself, she was granted a divorce without alimony, from which decree this appeal was taken by the defendant.
Although appellant denied most of appellee’s testimony, we must accept as true the findings and decree of the trial court and all reasonable inferences from them. Both parties were over thirty-five years of age at the time of their marriage on December 30, 1965. Mrs. Stockton had nurses working for her as companions, and the nurse on duty left at eleven P.M. After that, complainant testified that Stockton asked to have unnatural sexual relations with her, proposed that they whip each other without clothing, and tried to choke her, after which she, within the hour, ran out of the apartment in an hysterical condition. Five days later, Mrs. Stockton filed a petition for annulment, which was dismissed without prejudice. However, she stated that she was still in love with her husband at that time, and he had promised to change his ways. Subsequently, she said, there was a proposal by Stockton to his wife for unnatural sexual relations with one Jimenez. There was another peculiar sexual incident which occurred after Mrs. Stockton went to the hospital in April 1966. In addition, appellant made threats to his wife about her father. Finally, Mrs. Stockton stated that she was unable to drink intoxicating liquor in moderation, and her husband knew it, yet he frequently encouraged her to drink.
All of this and other testimony of events occurring over a period of several months, considered as an entirety, warranted the chancery court in finding that appellant was guilty of .habitual cruel and inhuman treatment of his wife; and that it substantially impaired her health, and created a reasonable apprehension of continuing danger to it. Certainly the unnatural conduct of appellant, as evidenced by complainant’s testimony, was such as to make their marital relations revolting to her, and to render it impossible for her to discharge her duties in the marriage, thus defeating the whole purpose of that relation. When the various stated actions by defendant occurred over a period of several months, there was considerably more than a single act of cruel and inhuman treatment. Moreover, the circumstances were such as to warrant the trial court in finding that there was a probability of recurrence of the sexual deviations. See Richey v. Richey, 185 So.2d 431 (Miss.1966); Crutcher v. Crutcher, 86 Miss. 231, 38 So. 337 (1905); Johns v. Johns, 57 Miss. 530 (1879); Bunkley & Morse, Amis on Divorce and Separation in Mississippi § 3.14 *808 (1959); 27A C.J.S. Divorce §§ 25, 28(4) (1959).
In short, we affirm the divorce awarded to Mrs. Stockton. However, the decree is amended and modified to strike from it the third from the last paragraph, which perpetually enjoined appellant from visiting appellee, intimidating her, or from having any personal contact with her of any kind. The amended bill of complaint did not ask for such relief, and the evidence did not support granting it, assuming but not deciding that the chancery court had power to enter an order of that nature.
Affirmed as modified and amended.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.