253 So.2d 249 (1971)
Ester Lee ELLZEY
v.
Wincfus ELLZEY.
No. 46318.
Supreme Court of Mississippi.
October 11, 1971.
*250 Philip Singley, Columbia, for appellant.
Mounger & Mounger, Tylertown, for appellee.
RODGERS, Presiding Justice.
This is an appeal from the Chancery Court of Walthall County, Mississippi, wherein the Chancellor denied the granting of a divorce to the appellant based upon the grounds of habitually cruel and inhuman treatment.
In August of 1969 the appellant filed a suit against the appellee seeking a divorce, custody of minor children, and child support; and in it she also asked the court to declare a resulting trust in her favor for an undivided one-half interest in and to certain lands described in the bill of complaint. After a hearing on temporary features, the court by its decree dated November 20, 1969, awarded the temporary custody of Hattie Martinas Ellzey and Luzern Ellzey, minor children of the parties, unto the appellant and ordered the appellee to pay the sum of $22.50 per week for the support and maintenance of said children.
At the regular May 1970 term of Chancery Court of Walthall County, Mississippi, the court heard the case on its merits and rendered a decree denying the divorce, and denying the relief prayed for in the bill of complaint as to said lands, but awarded the custody of the two minor children unto the appellant and ordered the defendant to pay the sum of $22.50 per week for the support and maintenance of these children. The appellant has prosecuted this appeal from that final decree.
The only testimony in the record offered to sustain the charge of cruel and inhuman treatment was based upon the following two incidents. The appellant contended that her husband hit her on the head with a shovel twenty-five years before the trial and cut a gash in her head. He denied he hit her with a shovel. They had three children born to them after the alleged shovel incident.
The last incident was alleged to have occurred at a church where, it is said, the defendant accused members of his family of having taken twenty dollars out of his pocket. One of the daughters of the parties and also the appellant testified that the defendant Wincfus Ellzey took a shotgun out of a truck and tried to shoot the appellant. They testified that the children held him until the appellant could run away. Appellee testified that he did not try to shoot the appellant, but that the children had taken the gun out of the truck and he took it and put it back in the truck.
The Chancellor in his opinion said that the testimony was insufficient to establish habitual cruel and inhuman treatment to sustain a divorce decree.
The Court said, however, that:
"* * * [A]nd coming down to the instance in May, 1968, I am inclined to believe the complainant and her witnesses are telling the truth about this episode, but still this is one isolated instance."
The trouble we have here is, if the Chancellor believed that the testimony showed that the defendant tried to shoot his wife, that incident alone was sufficient to establish the charge of cruel and inhuman treatment.
As a general rule the charge of cruel and inhuman treatment is not established by a single act or an isolated incident, there must be more to show habitual cruel or inhuman treatment. Stockton v. Stockton, 203 So.2d 806 (Miss. 1967); McBroom v. McBroom, 214 Miss. 360, 58 So.2d 831 (1952); Manning v. Manning, 160 Miss. 318, 133 So. 673 (1931); Johns v. Johns, 57 Miss. 530 (1879); Bunkley and Morse's Amis Divorce and Separation in Mississippi § 3:14(16).
On the other hand, one incident of personal violence may be of such a violent nature as to endanger the life of the complainant spouse and be of sufficient gravity to establish the charge of habitual cruel and inhuman treatment. Bunkley and Morse's Amis Divorce and Separation in Mississippi § 3:14(3). This is especially *251 true when it is shown that the offending spouse had previously struck the complainant with a shovel. We said in Manning v. Manning, supra, that "her (the wife's) condonation of past acts is impliedly conditioned upon the future good behavior of the husband; and after condonation, if the cruelty is repeated, the right to make the condoned offense a ground for divorce is revived." (160 Miss. 321, 133 So. 673-674)
Since the Chancellor believed the testimony of the complainant and her witnesses about the attempted shooting, this alone was sufficient to establish cruel and inhuman treatment. The Chancellor should have granted the complainant a divorce.
That part of the decree denying appellant a divorce is hereby reversed and a divorce is granted to the appellant. The judgment and decree as to all other matters, custody of children, alimony and determination of property rights are affirmed. The decree is modified only as to the granting of a divorce.
Affirmed in part and reversed in part.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.