393 So.2d 475 (1981)
Sylvester M. RAINER, Sr.
v.
Mrs. Louise RAINER.
No. 52349.
Supreme Court of Mississippi.
January 28, 1981.
*476 Robert D. Jones, Martin & Jones, Meridian, for appellant.
Joe R. Odom, Lawrence W. Rabb, Meridian, for appellee.
Before PATTERSON, C.J., and LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
This cause involves divorce and support proceedings between appellee and appellant and originated in the Chancery Court of Lauderdale County.
Appellee and cross-appellant, Mrs. Louise Rainer, filed her bill of complaint for divorce and other relief alleging that her husband, appellant and cross-appellee, Sylvester M. Rainer, Sr., was guilty of habitual cruel and inhuman treatment. This is the second appearance of the cause before this Court. The first appeal involved the final decree in the original action, which decree granted Mrs. Rainer a divorce on the ground alleged. Additional provisions of the decree awarded her the sum of $190 per month for twelve months as alimony and divided certain property between the parties. Mr. Rainer was given the exclusive right to use and occupy the home of the parties in which they had lived for many years. They had been married over thirty years and had reared three children. The title to the property during the period of time always had been solely in the name of Mr. Rainer. In the divorce decree, no attorneys' fees were allowed for the final hearing.
Mrs. Rainer appealed to this Court from the alimony and attorneys' fee provisions of the lower court decree. This Court, in cause No. 50,585, reversed the cause, holding that the award of alimony by the lower court was grossly inadequate and that Mrs. Rainer should be allowed a reasonable sum toward fees for her legal representation.
On remand, the cause finally came on for hearing by the lower court on February 26, 1980. At this hearing, it developed that between the date the opinion was issued and the date of the court's mandate, Mr. Rainer sold the home for $27,000. It was also developed by preliminary motions that subsequent to the original divorce hearing, Mr. Rainer's mother had died, leaving him, among other things, her home, into which he had moved and where he was living without rent obligations.
*477 Mrs. Rainer's attorneys instituted proceedings in an attempt to have the conveyance of the house formerly occupied by the parties set aside. After a court hearing, this attempt was unsuccessful.
Prior to the hearing resulting in the present appeal, attorneys for Mrs. Rainer filed her motion for the court to take into consideration the change of circumstances between the time of the original divorce hearing and the remand hearing. This motion was granted by the lower court over objection by Mr. Rainer's attorneys.
After a full hearing resulting in the present appeal, the chancellor issued his decree providing that (1) Mr. Rainer pay to Mrs. Rainer immediately the sum of $13,000 as alimony payment; (2) the sum of $150 per month from March 1, 1980 (the approximate date of the decree) as alimony, said payments to continue until the remarriage or death of Mrs. Rainer, and (3) Mr. Rainer was ordered to pay Mrs. Rainer the sum of $2,500 toward her legal fees, which at that time had amounted to over $5,000.
Mr. Rainer filed his appeal and assigned as errors the following:
1. The lower court erred in not sustaining appellant's motion in limine and motion to dismiss and disallow evidence of the financial status of the parties subsequent to the date of divorce to determine an alimony increase.
2. On remand hearing, the lower court erred, over objection of appellant, by allowing appellee to plead a material change of circumstances.
3. On remand hearing, the chancellor erred in awarding appellee $2,500 attorney's fee.
Mrs. Rainer filed her cross-appeal and assigned as errors:
1. The court erred in not granting reasonable alimony to the cross-appellant under the proof in this case.
2. The court erred in not granting a reasonable attorney's fee, based on the proof in this case.
We first address the question as to whether or not on remand the chancellor should have considered the change in circumstances of the parties and their situations at the time of the remand hearing on February 28, 1980, or was confined solely to considering the situation of the parties at the time of the original divorce hearing and decree. We hold that the chancellor correctly sustained Mrs. Rainer's motion to amend the bill of complaint and consider the cause as the parties were situated on the date of the remand hearing. To hold otherwise would not be equitable. This is clearly set out in Griffith's Mississippi Chancery Practice section 699 (2d ed. 1950), and McKay v. McKay, 312 So.2d 12 (Miss. 1975).
We next analyze the undisputed evidence as to the condition of the parties at the time of the remand hearing. Mr. Rainer was a long-time employee of the Mississippi Power Company. During the year 1979, his gross salary was $19,618.68. [It was only $15,000 at the time of the original divorce hearing.] During 1979, in addition to his salary, Mr. Rainer received $2,144.00 as interest income. The majority of the funds drawing this interest was the proceeds of $27,000 received from the sale of the house. The testimony was that after the death of Mr. Rainer's mother and the sale of the marital home, he had moved into his mother's house that he inherited and was living there rent free. For the month prior to the hearing, Mr. Rainer had received a salary of $1,728.84, some of which was pay for overtime work.
Mrs. Rainer was working at a beauty shop, doing manicures, pedicures, and facials. She was not a trained beautician. Her gross salary for 1979 was $6,529.43. She was driving the 1972 Chevrolet car and Mr. Rainer was driving the 1976 Mazda, both owned by the parties prior to the divorce.
The record does not reflect testimony or itemization of living expenses required by Mr. Rainer at the time of the remand hearing. Testimony on these items was elicited from Mrs. Rainer and stand undisputed in *478 the record. She was living temporarily with her sister and brother-in-law because of her inability to pay rent on an adequate apartment. She itemized her total monthly expenses at $1,090.01.
Considering Mr. Rainer's assignments of error, we already have held that in determining the amounts to which Mrs. Rainer is entitled the situation of the parties at the time of the remand hearing controls. As stated, he had a savings account of $32,290.74, and a checking account of $600. His salary for the preceding year was $19,618.86. In addition, there was interest income of over $2,000. We recognize that the biggest part of the savings account was the funds derived from the sale of the marital home and that under the decree of the chancellor, this savings account will be depleted.
As stated in the opinion remanding the original appeal in the cause, the wife is entitled to a reasonable allowance of alimony commensurate with her standard of living and the ability of the husband to pay. Jenkins v. Jenkins, 278 So.2d 446 (1973); Shows v. Shows, 241 Miss. 716, 133 So.2d 294 (1961).
In considering whether or not the remand decree of the chancellor was grossly inadequate, we are met with a consideration of the figures on income and expenses of both parties as hereinbefore set out. These parties had been married over thirty years, and the divorce, according to the only records we have, was secured by Mrs. Rainer on statutory grounds alleged against her husband. We take into consideration the fact that in all probability the $13,000 lump sum alimony award by the lower court was in effect a payment to Mrs. Rainer for a part of the purchase price of the marital home. After considering this lump sum item, it is evident from the figures hereinbefore set out that the sum of $150 per month alimony is inadequate and does not meet the test set out in Jenkins, supra. These tests require that the monthly payments be increased. In order to end the litigation and due to the fact that the conditions of the parties practically were undisputed, we hold that the monthly alimony payments should be increased to $250 per month beginning on the date of the mandate of this Court on this appeal. The payments of $150 ordered by the lower court shall remain as starting on March 1, 1978.
We next consider Mr. Rainer's assignment of error regarding the allowance by the lower court of $2,500 as attorneys' fees. Considering the record as to the amount of work done by Mrs. Rainer's attorneys, we cannot say that the chancellor's allowance for attorneys' fees was erroneous. Therefore, we affirm that part of the decree.
Appellee and cross-appellant, Mrs. Rainer, has filed a motion for the allowance of attorneys' fees on this appeal. It is the usual rule of this Court to allow one-half of the fees allowed by the lower court. Tighe v. Tighe, 239 Miss. 666, 124 So.2d 843 (1960). Therefore, we sustain appellee's motion for attorneys' fees and set the amount at $1,250.00.
It therefore follows that the cause should be and it is affirmed as to the original appeal of Mr. Rainer. As to the cross-appeal of appellee and cross-appellant, Mrs. Rainer, we reverse and render and amend the decree of the lower court and hold that the monthly payments of $150 alimony shall begin as of March 1, 1978, and shall be increased to $250 per month as of the date of the mandate of this Court in this appeal. All costs of this appeal are assessed against the appellant and cross-appellee.
AFFIRMED ON DIRECT APPEAL; REVERSED AND RENDERED ON CROSS-APPEAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.