PATTERSON, Chief Justice,
for the Court:
Pamela Reed sued her husband, Edward, for divorce on the sole ground of habitual cruel and inhuman treatment. She sought custody of their minor child. Edward answered the complaint on the day of the hearing but failed to appear. He was represented by counsel and in attendance were his parents.
Counsel for Edward motioned ore tenus for a dismissal of the pleadings on grounds the couple had cohabited as man and wife after Pamela had filed for the divorce. After hearing testimony from Edward’s parents that they had cohabited, Pamela and her witness testified to the contrary. The court resolved the conflicting testimony in favor of Edward. We hold this to be error and reverse.
In Manning v. Manning, 160 Miss. 318, 133 So. 673, 674 (1931), the question of condonation of past acts by the party offended is addressed. Therein this Court stated:
The doctrine of condonation applies to what is generally denominated “non-continuing causes of divorce,” consisting of a single act, or a series of acts of misconduct, which might be forgiven as a result of affectionate treatment; but the doctrine is not applicable to causes of divorce of a continuing character. Habitually cruel and inhuman treatment, as a ground for divorce, consists generally of a course of conduct, rather than a single act. In such case, cohabitation after the act of cruelty cannot be considered as a condonation, in the same sense as after an act of adultery. The effort to endure unkind treatment as long as possible is commendable; and the patient endurance by the wife of her husband’s ill treatment should not be allowed to weaken her right to a divorce. Her condonation of past acts is impliedly conditioned upon the future good behavior of the husband; and after condonation, if the cruelty is repeated, the right to make the condoned offense a ground for divorce is revived. [Citations omitted.]
*1164 More recently in Chaffin v. Chaffin, 437 So.2d 384 (Miss.1983), one finds, “Habitual cruel and inhuman treatment is an offense of a continuing nature and is not condoned by the mere continuance of cohabitation. [Citing to Manning, supra]”
Before this Court is only the brief for appellant Pamela Reed. No responsive brief was filed by Edward. Failure to respond to the appeal is tantamount to confession of error where error has been found. Dethlefs v. Beau Maison Development Corp., 458 So.2d 714 (Miss.1984); State v. Maples, 402 So.2d 350 (Miss.1981). For these reasons we reverse and remand the cause to Warren County Chancery Court for a hearing on the divorce complaint.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.