I.
This appeal arises from a final judgment of divorce ending the 36 year marriage of the parties. At issue today are, first, whether the evidence was legally sufficient to undergird a judgment of divorce predicated upon the wife's adultery and, second, whether a judgment that the husband pay $10,000.00 in lump sum alimony should be vacated as being unreasonably low. On both points, we hold that the Chancery Court acted within the discretion afforded it by law under the facts before it. We affirm.
Mary J. Wood and Grafton M. Wood were married on July 9, 1948, in Ft. Worth, Texas. Mary, who is the Appellant here and was the Defendant below, is presently 54 years of age. Grafton, the Plaintiff below and the Appellee here, is somewhat older, although his age does not appear in the record. Four children were born of this marriage only one of whom, David, now 15 years of age, is not an adult. No issue is raised on this appeal regarding the custody or support of David.
On March 15, 1982, Grafton filed his complaint for divorce in the Chancery Court of Jackson County, Mississippi. The matter was called for trial on June 8, 1983. Those proceedings were interrupted, however, when the parties determined that a reconciliation should be attempted. The trial was resumed on December 4, 1984, the reconciliation having obviously failed. The parties agreed that the June 1983 testimony would be considered by the court in its disposition of the matter.
Mary admitted an adulterous course of conduct prior to the 1983 hearing. At the December 1984 hearing, however, she argued that her pre-June 1983 adultery had been condoned and had not been repeated. Grafton, on the other hand, denied condonation and argued revival based on a resumption of Mary's previous course of conduct.
The Chancery Court entered judgment in favor of Grafton granting him a divorce on grounds of adultery apparently relying upon Mary's admitted conduct prior to the 1983 hearing "which, in this Court's opinion, has never been condoned."
On the question of alimony, the Chancery Court stated its view that normally one guilty of adultery is not entitled to alimony or support, but that the facts before the Court necessitated a different course. The record reflects that Mary was 52 years old at the time, had minimal job skills and experience, had in the recent past had cancer surgery, coupled with evidence that Grafton was earning close to $40,000 a *Page 505 
year and that Mary had been married to Grafton for 36 years. In that setting the Court awarded Mary $10,000 as lump sum alimony payable at $500 per month without interest, together with one-half of the personal property owned by the parties and exclusive use and possession of the residence of the parties until June 1, 1985, at which time the use of the residence would be delivered to Grafton Wood.
 II.
Mary Wood first assigns as error so much of the judgment of the Chancery Court as granted Grafton a divorce on grounds of adultery. Mary argues that the pre-June 1983 adultery was condoned and that Grafton failed to prove that she had committed any new acts of adultery thereafter. Because of the manner in which the Chancery Court resolved this matter, we need consider only the condonation issue.
The defense of condonation is recognized in our law. Striblingv. Stribling, 215 So.2d 869, 870 (Miss. 1968); Starr v. Starr,206 Miss. 1, 39 So.2d 520, 523 (1949). Condonation is the forgiveness of a marital wrong on the part of the wronged party. Condonation may be expressed or implied. Thames v. Thames,233 Miss. 24, 29, 100 So.2d 868, 870 (1958); Armstrong v.Armstrong, 32 Miss. 279, 283 (1856) and Scott v. Scott,219 Miss. 614, 629, 69 So.2d 489, 494 (1954).
The mere resumption of residence does not constitute a condonation of past martial sins and does not act as a bar to a divorce being granted. Compare Miss. Code Ann. § 93-5-4 (1972). Condonation, even if a true condonation exists, is conditioned on the offending spouse's continued good behavior. If the offending party does not mend his or her ways and resumes the prior course of conduct, there is a revival of the grounds for divorce.Manning v. Manning, 160 Miss. 318, 321, 133 So. 673, 674 (1931).
In practical effect, condonation places the offending spouse on a form of temporary probation. Any subsequent conduct within a reasonable time after resumption of cohabitation which evidences an intent not to perform the conditions of the condonation in good faith, may be sufficient to avoid the defense of condonation, even though the conduct so complained of in and of itself may not be grounds for divorce. Armstrong v. Armstrong,32 Miss. 279, 283 (1856). An entire course of conduct rule applies. A party's conduct both before and after the alleged condonation can be joined together to establish the cause for divorce. Armstrong v. Armstrong, 32 Miss. 279, 283 (1856). Cf.Bias v. Bias, 493 So.2d 342, 343 (Miss. 1986).
Mary's appeal confronts a finding of ultimate fact that Grafton J. Wood had not condoned her pre-June 1983 adulterous conduct. Our authority to review such a finding is limited. We may reverse only where there is no substantial evidence in the record consistent with the finding made by the Chancery Court. See,e.g., Spain v. Holland, 483 So.2d 318, 320 (Miss. 1986); Carrv. Carr, 480 So.2d 1120, 1122 (Miss. 1985); Cheek v. Ricker,431 So.2d 1139, 1143 (Miss. 1983). Grafton Wood denies that after the June 1983 hearing he and Mary resumed sexual relations. He further denied that he effected a legal condonation of Mary's prior course of conduct in any other way. Grafton's testimony in this regard is not inherently incredible. The Chancery Court was within its authority to accept this testimony and reject the contrary testimony offered by Mary. Because Mary's pre-June 1983 adultery thus stood uncondoned, the Chancery Court was within its authority in granting Grafton a divorce on grounds of adultery. Miss. Code Ann. § 93-5-1 [Second] (1972).
 III.
The alimony question has an unusual posture. Though Grafton has been granted a divorce on grounds of adultery, he makes no complaint of the fact that the Chancery Court proceeded to enter judgment that he pay his wife alimony. Instead, the present assignment is Mary's *Page 506 
complaint that she has not been provided with enough alimony.
Our cases have often suggested that alimony should not be awarded to the wife when the divorce is granted by reason of the wrongful conduct of the wife. Beacham v. Beacham,383 So.2d 146, 147 (Miss. 1980); Russell v. Russell, 241 So.2d 366, 367 (Miss. 1970). We have a long line of cases, however, recognizing that, where the parties have been married for a number of years, where the wife is in substantial need of financial support, the chancery court, being sensitive to the equities of the case before it, has authority to direct payment of alimony even though wrongful conduct on the part of the wife was found sufficient to grant the divorce to the husband. See, e.g., Wires v. Wires,297 So.2d 900, 903 (1974); Rainey v. Rainey, 205 So.2d 514, 515 (Miss. 1967); Gatlin v. Gatlin, 248 Miss. 868, 871,161 So.2d 782, 783 (1964); Hibner v. Hibner, 217 Miss. 611, 617,64 So.2d 756, 758 (1953); Winfield v. Winfield, 203 Miss. 391, 395,35 So.2d 443, 444 (1948); Winkler v. Winkler, 104 Miss. 1, 7, 61 So. 1, 2 (1913).
The Chancery Court ordered that Grafton pay Mary as lump sum alimony the sum of $10,000, payable in $500 monthly installments without interest. The Court also directed that Mary should have one-half of the personal property of the parties plus use of the residence for the six months immediately succeeding the divorce.
In her argument that the alimony award was inadequate, Mary cites the view that the standards for determining the amount of alimony are the same as in any other case, notwithstanding that the divorce was granted to the husband by reason of the wrongful conduct of the wife. See Rainer v. Rainer, 393 So.2d 475, 478 (Miss. 1981); Hibner v. Hibner, 217 Miss. 611, 617,64 So.2d 756, 758 (1953); Bunkley Morse, Amis On Divorce and Separationin Mississippi § 6.08 (1957).
Even in cases where the wife has been guilty of fault justifying granting the husband a divorce, alimony, if allowed at all, should be reasonable in amount, commensurate with the wife's accustomed standard of living, minus her own resources, and considering the ability of the husband to pay. Rainer v.Rainer, 393 So.2d 475, 478 (Miss. 1981); Hibner v. Hibner,217 Miss. 611, 617, 64 So.2d 756, 758 (1953). So long as he is mindful and respectful of this general standard, we consider that the amount of an alimony award is a matter largely within the discretion of the chancery court because of its peculiar opportunity to sense the equities of the situation before it.
Turning to the evidence, we respect the Chancery Court's finding that "there is no present health situation that takes away from . . . [Mary's] ability to work, although she has in the recent past had cancer surgery." Beyond this, Mary has had employment as a private duty nurse's assistant and as a babysitter with a maximum reasonable earning capacity of in the vicinity of $3.50 per hour or $140.00 per week. By way of contrast, Grafton Wood receives regular military disability and retirement benefits and in addition owns and operates a profitable hearing aid business. The record reflects that for the year 1982 Grafton had a business income of $29,977.00 and a non-taxable income of $8,400.00. Grafton also has investments in retirement programs, stock funds, savings certificates, various types of bonds, stock certificates and investment funds.
In response to Mary's argument that her needs are great and Grafton's resources adequate, Grafton argues that in the recent past Mary cashed in jointly owned money market certificates worth approximately $5,000.00 and that she admitted forging Grafton's name to a dividend check in the amount of $3,971.95. He also points out that Mary is to receive, in addition to the lump sum alimony, one-half of the personal property of the parties, although the record is not clear regarding the value of that property.
The above considerations in mind, we cannot upon a review of the entire record in this case, say that the Chancery Court *Page 507 
abused its discretion in the alimony award made. The assignment of error is denied.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.