**In re the MARRIAGE OF Odie L. ANDERSON and Patricia Sue Anderson.**

**Upon the Petition of Odie L. Anderson, Appellant/Cross–Appellee,**

**And Concerning Patricia Sue Anderson, Appellee/Cross–Appellant.**

No. 92–1338.

Court of Appeals of Iowa.

June 28, 1994.

Robert W. Conrad, Knoxville, for appellant.

Constance Peschang Stannard, Iowa City, for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

HAYDEN, Presiding Judge.

Odie and Patricia Anderson were married in 1982. The parties met while Odie was a patient at the veteran's hospital in Knoxville for treatment of alcoholism. At the time of trial, Odie had been given a one hundred-percent disability rating. Odie receives veteran's disability pay in the amount of $1548 per month and $429 per month in supplemental security. Patricia, an LPN, is employed as a ward clerk at the veteran's hospital in Knoxville, earning $1550 gross per month.

Odie entered the marriage with simply his personal belongings. Patricia owned a mobile home with an indebtedness of $8000, a 1972 pickup, and household goods. From 1982 to 1987 the parties moved around con-

siderably. In Hills, Iowa, Odie and Patricia purchased a home pursuant to a rent-with-option-to-buy contract. In the spring of 1987 Odie was again hospitalized in Knoxville. Patricia had Odie quit claim his interest in the Hills home to her. The parties separated from 1987 to 1988, at which time they got back together for several months. They permanently separated in 1989.

Pursuant to the divorce decree, Odie was ordered to pay Patricia alimony in the amount of $300 per month for two years. Odie was also ordered to pay $1000 towards Patricia's attorney fees and was ordered to pay the I.T.T. Financial Services bill in the amount of $9507.39. Odie was awarded his personal belongings, his car, and property in Knoxville known as Whitebreast. Patricia was ordered to pay for the remaining debts of the marriage. Patricia was awarded the Hills home and was awarded her retirement plans and car. Odie appeals, and Patricia cross-appeals. We affirm.

Odie maintains the district court erred in ordering him to pay Patricia $300 per month in alimony, the $9507 I.T.T. debt, and $1000 towards her attorney fees, when his sole source of income is his disability payments and supplemental security income. Odie argues the Supremacy Clause of the United States Constitution denies the courts the power under Iowa Code sections 598.21(1) and 598.21(3) (1991) to redistribute his disability payments. Odie contends, pursuant to federal regulations, his supplemental security income is not subject to garnishment, and is therefore not subject to legal process to pay for alimony, even though social security benefits are now subject to legal process to pay for child support.

Patricia argues in her cross-appeal because she has basically supported Odie since 1982, she should receive reimbursement alimony as well as rehabilitative alimony. Patricia alleges Odie received a $30,000 lump-sum payment for back pay when his disability rating rose to one hundred percent. Patricia also complains because Odie's income is not subject to garnishment, he would not be forced to pay the I.T.T. debt. Patricia requests she be awarded $500 per month alimony for five years and an increase in the award of attorney fees.

We first address Odie's contention the district court erred in awarding alimony because his income is limited to monies derived from his veteran's disability and SSI income.

■ This is an appeal in an equity action, and this court reviews the matter de novo. Iowa R.App.P. 4. This court's duty is to review the entire record and adjudicate rights anew from the credible evidence on issues properly presented and preserved. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). This court gives weight to the fact findings of the trial court but is not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and this court bases its decisions primarily on the particular circumstances of the parties presently before it. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983).

■ The issue raised by the appellant has been answered by the United States Supreme Court in the case of *Rose v. Rose,* 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). The *Rose* case involved nonpayment of child support as opposed to nonpayment of alimony. However, both are viewed as familial support by the United States Supreme Court in *Rose.* 481 U.S. at 631–32, 107 S.Ct. at 2037, 95 L.Ed.2d at 611. The *Rose* case involved a disabled veteran whose sole means of support was his V.A. checks. The state court held him in contempt for failure to pay child support. The U.S. Supreme Court held a state court has jurisdiction to hold a disabled veteran in contempt for failing to pay child support, even if the veteran's only means of satisfying his obligation is to use veteran's benefits received as compensation for a service connected disability. 481 U.S. at 619, 107 S.Ct. at 2030, 95 L.Ed.2d at 604. The Court held:

Neither the Veteran's Benefits provisions of Title 38 nor the garnishment provisions of the Child Support Enforcement Act of Title 42 indicate unequivocally that a veteran's disability benefits are provided solely for that veteran's support. We hold, therefore, that as enacted these federal statutes were not in conflict with and thus

did not preempt § 36–820 (the Tennessee child support statute). Nor did the Circuit Court's efforts to enforce its order of child support by holding appellant in contempt transgress the congressional intent behind the federal statutes.

481 U.S. at 636, 107 S.Ct. at 2039, 95 L.Ed.2d at 614.

The *Rose* Court discussed the case of *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 90 L.Ed. 424 (1950), to support its position child support is not excluded from these benefits. The Court recognized the *Wissner* holding as follows:

> [I]n reaching what was clearly an alternative holding in Wissner that a community property division of the insurance proceeds would constitute a "seizure" in violation of a provision against "attachment, levy or seizure," the court was careful to identify a possible exception for alimony and child support cases. The suggested basis for this exception was that family support obligations are deeply rooted moral responsibilities, while the community property concept is more akin to an amoral business relationship.

*Rose*, 481 U.S. at 631–32, 107 S.Ct. at 2037, 95 L.Ed.2d at 611. The *Rose* Court also discussed the case of *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). In that case, the Court was again faced with a community property claim and not an alimony or child support case. The *Rose* Court in reviewing this case stated, "Again we discuss an exemption to the anti-garnishment statute for alimony and child support in non-community property cases." *Rose*, 481 U.S. at 632, 107 S.Ct. at 2037, 95 L.Ed.2d at 612. The *Rose* Court again and again in its opinion recognized family support as an important exception and further recognized family support as child support and alimony.

The *Rose* decision also dealt with a constitutional challenge to a disabled veteran based on the Supremacy Clause, the same argument brought by the appellant in the case at bar. The veteran in that case argued the Supremacy Clause precluded the state court from granting child support benefits where his sole source of income was exempt benefits and invoked the Supreme Court's own standard that state family law must not do major damage to clear and substantial federal interests. The *Rose* Court specifically rejected this argument. The Court said there are two purposes underlying the federal anti-garnishment statutes: one is to prevent the federal agency from being turned into a collection agency and the other to prevent the deprivation of the resources of veterans dependent on federal benefits as a main source of income. 481 U.S. at 630, 107 S.Ct. at 2036, 95 L.Ed.2d at 610.

It is clear veteran's benefits are not solely for the benefit of the veteran, but for his family as well. Additionally, appellant's financial affidavit shows his income from federal benefits exceeds his expenses by $1000. The alimony he has been ordered to pay would not deprive him of living comfortably with the remaining money from his benefits. We affirm the order of alimony directed by the district court.

▪▪▪ Patricia cross-appeals claiming the order of alimony is insufficient. When determining the appropriateness of alimony, the court must consider "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against relative needs of the other." *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App. 1983) (citation omitted). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981). We determine the alimony awarded to be reasonable in light of the above considerations and affirm the district court.

▪▪▪ Appellant also requests attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981).

Based upon the parties ability to pay, we determine each party shall be responsible for his or her own appellate attorney fees. Costs on appeal are assessed against Odie L. Anderson.

**AFFIRMED.**