# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01471-SCT

*CHRISTOPHER JEROME MOSES*

*v.*

*KINDALIN KAY MOSES*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/25/2003 |
| TRIAL JUDGE: | HON. PATRICIA D. WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES ELDRED RENFROE |
| | ROY J. PERILLOUX |
| ATTORNEYS FOR APPELLEE: | RAJITA IYER MOSS |
| | BOBBY OWENS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 08/05/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1.    This appeal from the Hinds County Chancery Court involves a contempt action brought before Chancellor Patricia D.Wise by Kindalin Kay Moses (Kindalin) against Christopher Jerome Moses (Christopher). On June 9, 2003, Kindalin filed the contempt action against Christopher for failure to exercise his option to purchase the marital home or place the home on the market for public purchase. The trial court heard the contempt on June 23, 2003. This contempt action was brought **after** the trial court had rendered its judgment of divorce on March 17, 2003. The contempt action involved Christopher's option to purchase the marital home and placing the home on the market for public purchase. The trial

court found Christopher in contempt for failing to comply with the spirit of the amended final judgment of divorce by placing an advertisement in *The Clarion-Ledger* newspaper and not listing the house with a reputable real estate agency.

¶2. The trial court ordered Christopher to pay $75 per day from May 17, 2003, the date the trial court deemed that the house should have been placed on the market, being $2,700 plus an additional $550 in attorney's fees, totaling $3,250. Christopher submitted payment of $3,250 to the chancery clerk. The notice of receipt from Kindalin's attorney, Rajita Moss, for the $3,250, as release of Christopher's contempt, was filed with the trial court on June 24, 2003.

¶3. Christopher had previously appealed the trial court's ruling regarding the divorce and division of the marital estate. That appeal was assigned to the Mississippi Court of Appeals. At the time the trial court heard this contempt action, the Court of Appeals had not made a ruling. However, in an opinion authored by Judge Bridges, the Court of Appeals has now considered that appeal and has reversed and rendered the chancellor's decision to grant the divorce and the division of the marital property. *See Moses v. Moses*, 2004 WL 557595 (Miss. Ct. App. 2004) (motion for rehearing pending). Therefore, based on the Court of Appeals' holding, the parties are still married. The Court of Appeals also found the Chancellor's ruling regarding the marital home to be "too indefinite to be enforced." *Id*. The Court of Appeals also noted "the lack of consideration of the *Ferguson* factors in the division of the marital assets especially the marital home." *Id*.

¶4. Christopher now timely appeals the trial court's incarceration order of June 23, 2003, and its judgment of contempt executed on June 25, 2003, which was filed on June 26, 2003.

**FACTS**

2

¶5.   Christopher and Kindalin were divorce on March 17, 2003.  As to the marital home, the trial court's amended final judgment of divorce entered on March 17, 2003, provides:

> Both parties agreed upon the appraisal obtained by Plaintiff Kindalin Moses.  The husband is granted the first option to purchase the house and pay the wife one half of the equity in the house within sixty days of the date of this order.  If the husband fails to exercise his option to purchase the house, **the house will be placed on the market for public purchase**.  Additionally, the husband will continue to have temporary use an possession of the marital home and be responsible for the mortgage notes, the insurance and such.  The Court will consider granting the husband some equitable relief for payments made after the house is placed on the market for sale.

(emphasis added).

¶6.   The trial court did not state that the marital home had to be listed with a realtor or a reputable real estate agency.  Christopher testified that he placed the house for sale in the real estate section of *The Clarion-Ledger* classifieds sometime in June of 2003.  A copy of the advertisement is contained in the record.  The advertisement for sale contained a description of the property, the asking price and a photograph of the home.  The trial court overruled Christopher's hearsay objection to allow Kindalin to testify that some male at *The Clarion-Ledger* informed her that the advisement began running on June 12, 2003.

¶7.   On June 9, 2003, Kindalin filed her motion for contempt against Christopher requesting a judgment be entered against Christopher for failure to exercise his option to purchase the marital home and place the home on the market for public purchase.  Alternatively, Kindalin requested that Christopher be required to turn over use and possession of the home to her and the trial court incarcerate him until he purged his contempt.

¶8.   The trial court held:

> The Court finds that Christopher Moses is in willful civil contempt of this Court by not placing the house on the market for sale.

***

By placing the ad in the newspaper in this Court's opinion certainly did not follow the *spirit* of the previous order. And further the Court notes that there has not been presented any request or any petition to allow the house to be sold through a private sale or to waive the necessity of placing the house on the market through a reputable real estate agency.

***

This Court recognizes that this matter is on appeal, and therefore, in fairness and equity, will do what in this Court's opinion is just and right in that consideration.

(emphasis added).

¶9.     The trial court calculated the date that the home should have been placed on the market as May 17, 2003. In assessing Christopher's contempt, the trial court stated:

That he shall be assessed a fine of $75 per day from the date that it should have been placed on the market to today's date, and continuing until the house is place on the market, and that being $2,700, plus attorney's fees of $550.

***

This Court would direct and order that Mr. Moses be incarcerated until he has purged himself from contempt of this Court in the like amount of $3,250.[1]

¶10.    Christopher paid the $3,250 to the chancery clerk. On June 24, 2003, Kindalin's attorney signed for receipt of the $3,250 check. Christopher now appeals to the Court raising the following issues:

I.      **Whether the chancellor erred in finding Christopher in contempt of Court.**

II.     **Whether the chancellor erred in awarding Kindalin attorney's fees.**

**DISCUSSION**

¶11.    In *Wing v. Wing*, 549 So.2d 944, 946-47 (Miss. 1989), this Court stated the standard of review for contempt proceedings:

In reviewing a judgment for contempt, this Court proceeds *ab initio*.

***

---

[1] $2,700 contempt charge + $550 attorneys fees = $3,250.

The standard of review of a chancellor's finding of ultimate fact is limited. This Court upholds such a finding where there is substantial evidence consistent with the finding made by the Chancery Court. *Wood v. Wood*, 495 So.2d 503 (Miss. 1986); *Carr v. Carr*, 480 So.2d 1120 (Miss. 1985); *Tucker v. Tucker*, 453 So.2d 1294 (Miss. 1984). Such finding will not be disturbed unless manifestly wrong. *Wood, supra*; *Carr, supra*. Our inquiry here is limited to whether or not the judgment is violated and this necessarily includes questions of whether or not it was possible to carry out the judgment of the Court. *Ladner v. Ladner*, 206 So.2d 620, 623 (Miss. 1968).

## I. Contempt

¶12.    Christopher argues that the trial court erred in finding that he was in willful, civil contempt, and he had violated the spirit of the amended final judgment of divorce. The trial court stated that as Christopher did not list the home with a reputable real estate agency or seek to waive the necessity of listing the home with a reputable real estate agency, he was in willful, civil contempt. As Christopher correctly contends, the trial court's amended final judgment does not state that Christopher had to list the home with a realtor or a reputable real estate agency. Likewise, Kindalin never filed a motion to require Christopher to list the home with a realtor or real estate agency or to clarify the trial court's judgment regarding the sale of the home. In fact, the trial court did not provide any designation as how the home had to be placed on the market.

¶13.    While the date that the home was listed for sale in *The Clarion-Ledger* was disputed, Christopher did list the home for sale in *The Clarion-Ledger* and the home was listed for sale at the time the trial court heard the contempt. *See Douglas v. Douglas*, 766 So.2d 68, 72 (Miss. Ct. App. 2000) (While it upheld the trial court's finding of a lack of willful contempt because the non-compliance had been cured at the time of the hearing, the Court of Appeals stated the ruling was limited to the facts and circumstances of that case. The Court of Appeals did not want to be seen as holding that "a party can clearly disregard a valid court order until contempt proceedings are filed against the offending party and

just prior to trial gain exoneration by full compliance and escape any findings of contempt and charge of appropriate attorney fees."). Christopher contends that he satisfied the trial court's order to place the home on the market for public purchase. Kindalin acknowledged that the advertisement ran in *The Clarion-Ledger*.

¶14. A case for contempt is based on prima facie evidence of failure to comply with a court order. *Newell v. Hinton*, 556 So.2d 1037, 1039 (Miss. 1990); *McCardle v. McCardle*, 862 So.2d 1290, 1293 (Miss. Ct. App. 2004). This Court has stated that even when there has been established a prima facie of contempt, the defendant may avoid a contempt judgment by providing a defense. *See Newell*, 556 So.2d at 1044. Besides inability to pay, the Court discussed other defenses to finding of contempt:

> There are other defenses as well. For example, the defendant may show that he was not guilty of *wilful or deliberate* violation of the prior judgment or a decree. *Dunaway v. Busbin*, 498 So.2d 1218, 1222 (Miss. 1986) (emphasis added); *Hooker v. Hooker*, 205 So.2d 276, 278 (Miss. 1967). The burden of the defendant in raising this defense, however, is not nearly as great as the defendant who claims he is without ability to pay. Consequently, it is appropriate that this defense be viewed against the extremely lenient view this Court and the courts of this state have taken of contempt proceedings in general." *Smith*, 545 So.2d at 727. Furthermore, a contemnor also has available to him the traditional notion of "clean hands" as a defense. *Vockroth v. Vockroth*, 200 So.2d 459, 463 (Miss. 1967) cited in *Smith*, *supra*. *Vagueness or the lack of specificity of the decree gives the contemnor another avenue for defense as well*. *Id*.

*Newell*, 556 So.2d at 1044 (emphasis added).

¶15. In *Wing*, 549 So.2d at 947, this Court held:

> It is axiomatic that before a person may be held in contempt of a court judgment, the judgment must "be complete within *itself–containing no extraneous references, leaving open no matter or description or designation out of which contention may arise as to the meaning*. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with execution of the decree...." *Morgan v. U.S. Fidelity & Guaranty Co.*, 191 So.2d 851, 854 (Miss. 1966), quoting *Griffith*, *supra*, § 625; *see also*, Miss.R.Civ.P. 65(d)(2); *Hall v. Wood*, 443 So.2d 834, 841-42 (Miss. 1983);

6

> *Aldridge v. Parr*, 396 So.2d 1027 (Miss. 1981); *Webb v. Webb*, 391 So.2d 981
> (Miss. 1980).

(emphasis added).

¶16.    Likewise, this Court has stated that "[a] person is entitled to be informed with a high degree of clarity as to exactly what [his] obligations are under a court order before [he] can be found in contempt for willingly disobeying that order." *Switzer v. Switzer*, 460 So.2d 843, 846 (Miss. 1984).

¶17.    On reviewing the record, this Court finds the trial court's determination of contempt to be flawed. Unquestionably, the trial court's amended final judgment of divorce at issue is uncertain. It does not state anything about how Christopher had to place the home on the market for public purchase. Furthermore, the judgment did not prohibit use of *The Clarion-Ledger* or required that a realtor be hired. Additionally, the trial court also did not set any time line for the sale to be accomplished.

¶18.    The Court of Appeals in reversing the judgment of divorce and the division of marital property also had problems with the vagueness of the trial court's amended final judgment. The Court of Appeals found that the amended final judgment of divorce contained orders in paragraphs 6, 7 & 8 that are **too indefinite to be enforced**. *See Moses*, 2004 WL 557595, 4.

¶19.    The trial court in its ruling attempts to use **spirit** of the judgment to incorporate extraneous requirements not stated in its amended final judgment of divorce. Even the trial court cannot cite to the wording of its judgment for basing the imposed contempt.

¶20.    We find that due to the vagueness of the amended final judgment of divorce, the trial court abused its discretion in finding Christopher in contempt. Therefore, we further find that Christopher shall receive a judgment from Kindalin in the amount of $2,700 for the contempt judgment the trial court erroneously ordered Christopher to pay to Kindalin.

7

## II. Attorney's Fees

¶21.    The chancellor awarded Kindalin $550 in attorney's fees for the contempt proceeding against Christopher.  In order to award attorney's fees in a contempt matter, the trial court must first consider if there was a willful violation of the court's order.  *See Purvis v. Purvis*, 657 So.2d 794, 796-97 (Miss. 1994).  As we discussed in Issue I the vagueness of the trial court's amended final judgment prevents a finding of willful contempt by Christopher.  Christopher argues that the trial court erred in awarding Kindalin $550 in attorney's fees where there was no testimony regarding the amount of her attorney's fees, no request for attorney's fees in her testimony and the failure to enumerate the *McKee* factors found in *McKee v. McKee*, 418 So.2d 764, 767 (Miss. 1982).

¶22.    It necessarily follows that the trial court erred in awarding attorney's fees to Kindalin.  Since the trial court erred in awarded attorney's fees, we further find that Christopher shall receive a judgment from Kindalin in the amount of $550 for the attorney's fees erroneously ordered by the trial court to be paid to Kindalin.

## CONCLUSION

¶23.    Therefore, for all the foregoing reasons, we reverse and render the judgment of contempt and the award of attorney's fees.  In order to appeal to this Court, Christopher tendered the $3,250 to the chancery clerk representing $2700 for the contempt judgment plus $550 in attorney's fees.  The chancery clerk disbursed the $3,250 to Kindalin's attorney.  Since we reverse the trial court's finding of contempt and award of attorney's fees to Kindalin, we render a judgment in favor of Christopher for $3,250 against Kindalin.  Kindalin shall deposit the sum of $3,250.00 into the Registry of the Chancery Court of Hinds County, Mississippi, within 30 days of the date of this Court's mandate, and, upon receipt of those funds, the Chancery Clerk of Hinds County shall promptly disburse those funds to Christopher.

**¶24.   REVERSED AND RENDERED. KINDALIN KAY MOSES SHALL DEPOSIT THE SUM OF $3,250.00 INTO THE REGISTRY OF THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI, WITHIN 30 DAYS OF THE DATE OF THIS COURT'S MANDATE, AND, UPON RECEIPT OF THOSE FUNDS, THE CHANCERY CLERK OF HINDS COUNTY SHALL PROMPTLY DISBURSE THOSE FUNDS TO APPELLANT, CHRISTOPHER JEROME MOSES.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**