SOUTHWICK, P. J.,
for the Court.
¶ 1. Wanda Montgomery was found in contempt of court by the Chancery Court of Oktibbeha County. She was ordered to pay John Prate Montgomery the sum of $4,550 as compensation for items removed from his camp house; and attorney’s fees of $750. On appeal, Mrs. Montgomery claims that the chancellor’s ruling was clearly erroneous. We find no error and affirm.
¶ 2. The Montgomerys were granted a divorce on October 14, 1998. As part of the separation agreement, Mrs. Montgomery was allowed to live in her former husband’s camp house. She agreed to vacate it no later than March 5, 1999. Apparently the parties agreed to extend the date to April 15, 1999. She also agreed to leave certain items in the camp house upon her departure and to return certain items that she had removed prior to the separation agreement.
¶ 3. On May 27, 1999, John Montgomery filed a motion to cite his former wife for contempt. He claimed that she had removed thirty items from the camp house in violation of the court decree. He compiled a list of missing items ranging from light bulbs to a field cultivator.
¶4. Mrs. Montgomery responded on June 3, 1999, generally denying that she should be held in contempt of court. On September 14, 2000, she filed a motion to cite Mr. Montgomery for contempt in that he had failed, among other complaints, to pay alimony for several months. A hearing was held in October. At the hearing the parties informed the chancellor that the matters raised in Mrs. Montgomery’s motion had been resolved. The chancellor conducted an evidentiary hearing solely on Mr. Montgomery’s claims. Each Montgomery testified with different versions of *1072 the dispute. A few weeks after the hearing, the chancellor found Mrs. Montgomery in civil contempt of court. She was ordered to pay the sum of $4,550 as compensation for items removed from the camp house, and also to pay attorney’s fees of $750 and court costs. She appeals.
DISCUSSION
¶ 5. Mrs. Montgomery claims that the chancellor’s decision finding her in contempt of court is clearly erroneous. A finding of civil contempt is given deference because the trial judge is in a better position to review all circumstances including the credibility of the witnesses and the facts of the case. Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990). If substantial credible evidence supports the findings, we will affirm. Varner v. Varner, 666 So.2d 493, 496 (Miss.1995).
¶ 6. At the time of Mrs. Montgomery’s move into the camp house, neither party made an inventory of all items in the house. Further, Mrs. Montgomery was to give her ex-husband thirty days notice before she moved out of the house. The record reveals that the back door to the camp house was never locked, and that many people may have had access to the house. The record also reveals that, upon leaving, Mrs. Montgomery removed the locks to the doors and left them in the middle of the floor of a room in the camp house.
¶ 7. After the dispute over missing items arose, Mrs. Montgomery delivered a trailer to Mr. Montgomery, which contained some of the missing property. The record also supports that Mrs. Montgomery intentionally damaged the camp house and some of its contents. She admitted to pouring oil on the ground outside the camp house and then tracking it into the house. She stated in her testimony that she did this in an attempt to retaliate against her husband for stating that it was a woman’s job to clean the house. Mr. Montgomery also testified that she threw flour on the walls, a claim that Mrs. Montgomery denied.
¶ 8. Mrs. Montgomery admitted that she gave the field cultivator and other items to a scrap metal collector who cleaned up the area around the camp house. She claims that she first notified Mr. Montgomery that the area needed cleaning. He allegedly responded by stating that he had no need for the items. Mrs. Montgomery also admitted that she had given a steel vat to her brother and that the vat had since been returned. She admitted that she had removed pillows from the couch in the camp house when she moved out. She stated that she used these pillows to protect her tanning bed from being damaged when she moved it from the house. She admitted taking the pillows to a storage facility and did not recall how long it took for her to return them. Mr. Montgomery stated that only one of the pillows was returned, that it was approximately one year later, and by that time he had replaced the couch because it was of no use without the pillows. Mr. Montgomery also claims that Mrs. Montgomery unplugged the deep freeze leaving the contents to spoil. He claimed that he could no longer use the freezer because of the odor that was too hard to remove.
¶ 9. Intent may be determined from a person’s acts. Corbin v. State, 585 So.2d 713, 721 (Miss.1991). Mrs. Montgomery’s admissions and possession of many of the thirty missing items leads to inferences that she intended to dispossess Mr. Montgomery of items in the camp house.
¶ 10. The chancellor had substantial credible direct evidence and reasonable inferences to draw from that evidence. Thirty items were in dispute. Each item had been priced by Mr. Montgomery for *1073 replacement or repair. The total claim was for more than $10,000. The chancellor awarded $4,550 for the field cultivator, stainless steel vat, pots, pans, knives, forks, spoons, and posthole digger. He did not award monetary damages for every item.
¶ 11. The evidence was disputed and was not in all particulars as clear as no doubt the chancellor would have preferred. Based on what was presented, though, there was a sufficient basis for the determination that Mrs. Montgomery intentionally damaged or discarded property that she reasonably knew should be returned to her husband. Weighing the equities, the award of this amount of monetary damages was justified.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF OKTIBBEHA COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.