914 So.2d 758 (2005)
Gracie SHOWERS, Appellant
v.
Nathaniel NORWOOD, Appellee.
No. 2004-CA-01390-COA.
Court of Appeals of Mississippi.
November 1, 2005.
*760 Douglas M. Magee, Mendenhall, attorney for appellant.
Nathaniel Norwood, Appellee, pro se.
EN BANC.
BRIDGES, J., for the Court.

BACKGROUND
¶ 1. When George Norwood died, approximately thirty-five acres of real property in Simpson County went to his children. They held the property as tenants-in-common. On January 17, 1996, Nathaniel Norwood filed a petition to partition real property. He named his known siblings as defendants. Nathaniel has four sisters: Yvonne Norwood, Gracie Showers, Peggy Weathersby, and Mattie Tyo. Nathaniel also has a brother, Leon Norwood.
¶ 2. On November 21, 2000, the chancery court issued its order partiting the property. According to the partition order, Gracie, Peggy, Leon, Mattie, and Yvonne each received 2.46 acres of property. Nathaniel received a 22.10 acre parcel. Portions of Nathaniel's property abutted against Gracie's. In particular, 305.84 feet of Nathaniel's southern border abutted against Gracie's northern border and 387.39 feet of Nathaniel's eastern border abutted against Gracie's western border. The chancery court also established an easement that contained .73 acres. That easement provided ingress and egress for each property owner.
¶ 3. On August 11, 2003, Nathaniel filed a contempt action against Gracie. Nathaniel alleged that Gracie refused to abide by the boundary line between their property, as established by the partition order. Nathaniel asked the chancery court to order Gracie to abide by the boundary line and to remove her personal property from his real property.
¶ 4. On August 27, 2003, Gracie filed her response. Gracie asked the chancery court to dismiss Nathaniel's contempt action. According to Gracie, the chancery court did not have personal jurisdiction over her when the chancery court entered its partition order. Gracie claimed that she received insufficient service of process incident to the partition action. Further, Gracie alleged that the chancery court did not have jurisdiction over the subject matter of Nathaniel's contempt action. Otherwise, Gracie argued that Nathaniel's contempt action failed to state a claim upon which relief could be granted. Finally, Gracie claimed Nathaniel failed to join Wesley Broadhead as a necessary party under Rule 19 of the Mississippi Rules of Civil Procedure.
¶ 5. Simultaneously, Gracie filed a counterclaim and alleged that the chancery court improperly entered its partition order. Nathaniel responded to Gracie's counterclaim and argued that she failed to state a claim upon which relief could be granted. On October 13, 2003, the chancery court conducted a hearing on Gracie's motion to dismiss. On October 27, 2003, the chancery court entered an order and denied Gracie's motion to dismiss.
¶ 6. On January 20, 2004, the chancery court entered an order and took Nathaniel's contempt action under advisement. Specifically, the chancery court sought to determine whether Exhibit 4, a description of a four  acre parcel of land, was part of the real property partitioned by the chancery court on November 21, 2000.
¶ 7. On June 7, 2004, the chancery court issued its final judgment. The chancery court found (1) Gracie was properly served on January 19, 1996; (2) all interest parties were served with process by publication; (3) the chancery court partitioned the property on November 17, 2000; (4) that *761 partition order quieted title among the parties. Consequently, the chancery court denied Gracie that relief she requested in her counterclaim and held that the boundary line was firm. To prevent future disagreement, the chancery court ordered Nathaniel and Gracie to erect a fence running along the boundary line that separated their property. The chancery court also ordered them to equally divide the cost of that fence. Aggrieved, Gracie appeals, though she did not appeal the chancellor's decision regarding her counterclaim. Regardless, we find that Nathaniel failed to state a claim upon which relief may be granted. Accordingly, we reverse and render judgment for Gracie.

ANALYSIS
¶ 8. Nathaniel did not file a brief in this appeal. Since Nathaniel did not file a brief, this Court has two alternatives before it, as discussed in W.T. Raleigh v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932).
(1) When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with applicable citations of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant's presentation, but will accept appellant's brief as confessed and will reverse. Or (2) when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
¶ 9. In the present case, we cannot say that the record is complicated or of a large volume. However, for reasons which will become abundantly clear, we cannot "with entire confidence and safety" affirm the chancellor's final judgment.
¶ 10. Gracie appeals the chancery court's final judgment following Nathaniel's petition for contempt. The purpose of civil contempt is to enforce or coerce obedience to the orders of the court. Lahmann v. Hallmon, 722 So.2d 614, 620(¶ 19) (Miss.1998). A citation is proper when "the contemnor has willfully and deliberately ignored the order of the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997).
¶ 11. The standard of review for a citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). It is well-settled law that contempt matters are committed to the substantial discretion of the chancellor. Id. This Court will not reverse a contempt citation where the chancellor's findings are supported by substantial credible evidence. Varner v. Varner, 666 So.2d 493, 496 (Miss.1995). With respect to issues of fact where the chancellor made no specific finding, this Court proceeds on the assumption that the chancellor resolved all such fact issues in favor of the appellee, or at least in a manner consistent with the decree. Smith v. Smith, 545 So.2d 725, 727 (Miss.1989).
¶ 12. However, if the judgment or decree giving rise to the contempt action is overly vague or nonspecific, a finding of contempt is improper. Moses v. Moses, 879 So.2d 1036(¶ 14) (Miss.2004) *762 (citing Vockroth v. Vockroth, 200 So.2d 459, 463 (Miss.1967)); (Newell v. Hinton, 556 So.2d 1037, 1044 (Miss.1990)). "[B]efore a person may be held in contempt of a court judgment, the judgment must be complete within itself-containing no extraneous references, leaving open no matter or description or designation out of which contention may arise as to the meaning." Moses, 879 So.2d 1036 at (¶ 15) (citing Wing v. Wing, 549 So.2d 944, 947 (Miss.1989)). Further, a judgment should not leave a judicial question open for determination by the parties or those "charged with execution" of a judgment, order or decree. Wing, 549 So.2d at 947.
¶ 13. Nathaniel initiated a contempt action against Gracie and alleged that she was in contempt of the partition order. The partition order simply divided the real property. There is nothing in the partition order that could operate as the subject of contempt as the partition order does not create a continuing duty. Put simply, the partition order only divided the property, it did not direct the parties to refrain from encroaching the boundaries of one another's property. Gracie cannot be in contempt of an order that does not create a responsibility for her.
¶ 14. By his petition for contempt, Nathaniel asked the chancery court to find Gracie in contempt for failure to abide by the partition order and to force Gracie to remove her personal property from his real property. The chancellor ordered Nathaniel and Gracie to equally divide the cost to erect a fence running along the boundary line that separated their property. Neither Nathaniel nor Gracie requested such relief. Moreover, the partition order does not state that Gracie must keep her personal property off of Nathaniel's land. Nathaniel should have sought a different remedy to effectuate his wish to get Gracie's personal property off of his real property. An injunction or an action in trespass would have been a more appropriate vehicle to accomplish his intent.
¶ 15. As for those issues in which Gracie argues the partition order is void, some of Gracie's issues appear to have merit. However, Gracie appeals from the chancery court's final judgment on Nathaniel's contempt action. Gracie has not appealed the partition order. Consequently, the propriety of the partition order is not before this Court. Our sole consideration is the propriety of the chancellor's decision on Nathaniel's contempt action. The chancellor should have granted Gracie's motion to dismiss for failure to state a claim upon which relief may be granted. Accordingly, we reverse and render judgment for Gracie.
¶ 16. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.