952 So.2d 1036 (2007)
LaDonna KING, Appellant
v.
PIKE COUNTY NATIONAL BANK and Ruth King, Appellees.
No. 2005-CA-01098-COA.
Court of Appeals of Mississippi.
March 27, 2007.
*1037 James A. Williams, Brookhaven, attorney for appellant.
C. Ashley Atkinson, Mark R. Holmes, attorneys for appellees.
Before KING, C.J., CHANDLER, ISHEE and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. LaDonna King was granted a favorable ruling by the Chancery Court of Walthall County dismissing a motion to hold her in contempt. On appeal, she challenges the reasoning of the chancellor. We dismiss the appeal as the issue raised is moot.

FACTS
¶ 2. The events leading to this appeal arise out of divorce proceedings between LaDonna King's parents, David Earl King and Ruth King. LaDonna is married to Nathan Paul King. Nathan's last name was formerly Dooley prior to his adoption by LaDonna's father. Both LaDonna's father, David, and her husband, Nathan, each executed a power of attorney to LaDonna due to their incarceration. King v. State, 857 So.2d 702 (Miss.2003) (affirming the conviction and sentence of David and Nathan). LaDonna conducted business on behalf of her father and her husband pursuant to the executed powers.
¶ 3. On April 28, 2004, an agreed temporary order was entered which included in part that "neither party shall dispose of any assets of the parties without the Court's consent. . . ." In September 2004, LaDonna obtained a loan from Pike County National Bank. The Bank filed a security interest in collateral pledged by LaDonna which included several vehicles and a tractor.
¶ 4. LaDonna defaulted on the loan that she obtained from the Bank. The Bank filed a complaint in replevin against LaDonna and Ruth to recover the collateral on the loan. Ruth filed a motion to hold LaDonna in contempt of the agreed temporary order. An action by Ruth against David and LaDonna was consolidated with the action by the Bank against LaDonna and Ruth.
¶ 5. After a hearing, an order was entered on April 21, 2005, dismissing Ruth's motion to hold LaDonna in contempt. The chancellor reasoned that LaDonna's pledging the property as collateral was not a "disposal" of the items as prohibited under the agreed temporary order. The Bank was granted a judgment of possession to the six vehicles securing the loan. The chancellor awarded the tractor to Ruth *1038 because LaDonna and her husband had no interest in a tractor. LaDonna's appeal has been assigned to this Court.

DISCUSSION
¶ 6. The only issue LaDonna presents on appeal is whether the chancellor committed reversible error in dismissing the motion for contempt. The exact language of the issue presented in LaDonna's brief for which she seeks review is whether:
A Chancellor commits reversible error in denying a motion to dismiss a motion for contempt of a temporary order because the order which sought to restrain disposal of the property of the parties pending a final divorce hearing failed to specifically describe the personal property and that personal property, before final hearing, had been encumbered by a security interest given by an adult daughter which consisted of motor vehicles titled in that daughter's name and an untitled farm tractor proven to be owned by the daughter's husband.
¶ 7. Since LaDonna received a favorable ruling from the chancellor, it seems that she is seeking review of whether the chancellor's reasoning was erroneous even though she received a favorable decision. Her argument is that the agreed temporary order was not specific enough to allow it to be enforced against her in a contempt action. LaDonna properly cites case law for the proposition that a high degree of specificity is required in a court order before a person can be found in contempt of that order. Moses v. Moses, 879 So.2d 1036, 1040(¶ 20) (Miss.2002); Showers v. Norwood, 914 So.2d 758, 761(¶ 12) (Miss. Ct.App.2005). Regardless of LaDonna's motive in challenging the favorable ruling she received from the chancellor, the issue on appeal confines our review to whether the chancellor erred in dismissing the motion for contempt.
¶ 8. Ruth responds that the issue is moot having been previously decided in favor of LaDonna, and that damages should be awarded because the appeal is frivolous. M.R.A.P. 38 (authorizing damages for a frivolous appeal). Pike County National Bank adopts the position of Ruth and is taking no further action in this matter.
¶ 9. The standard of review for matters of contempt is to proceed ab initio. Moses, 879 So.2d at 1039(¶ 11) (quoting Wing v. Wing, 549 So.2d 944, 946-47 (Miss.1989)). Insufficient specificity in an order is a matter typically reviewed where a determination must be made on whether or not a judgment was violated. Id. Part of that inquiry is whether the judgment was specific enough to be carried out. Id. (citing Ladner v. Ladner, 206 So.2d 620, 623 (Miss.1968)).
¶ 10. In the situation presented, the chancellor found that LaDonna was not in contempt of court. The relief LaDonna now seeks would leave her in the same position. This issue is therefore moot. In light of LaDonna's argument that the order lacked the required specificity, the chancellor could have very well been in error had he held her in contempt based upon such an unspecific temporary order. The chancellor did not err in his decision. Although the issue is moot and without merit we decline to declare it frivolous.
¶ 11. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.